**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANGER,<br><br>Plaintiff,<br><br>vs.<br><br><br>ENCANTADO II, LLC, et al,<br><br>Defendants. | CASE NO. 14cv2281-MMA (JLB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 11] |

Plaintiff Chris Langer is a disabled individual who uses a wheelchair for mobility and a specially equipped van for transportation. On September 26, 2014, Plaintiff filed this action against Defendants Encantado II, LLC, and Contento Incorporated *doing business as* Busy Bee's Bakery in La Jolla, California, seeking injunctive relief under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and additional relief under related state laws. *See* Doc. No. 1. Defendants move for summary judgment as to Plaintiff's ADA claim and seek dismissal of Plaintiff's state law claims. *See* Doc. No. 11. In response, Plaintiff requests a continuance under Federal Rule of Civil Procedure 56(d) in order to conduct discovery. *See* Doc. No. 16. For the reasons set forth below, the Court **GRANTS** Defendants' motion for summary judgment.

## BACKGROUND

This action arises out of events related to Plaintiff's attempted patronage of Busy Bee's Bakery in La Jolla, California.[1] Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side. Plaintiff "benefits from the use of handicap parking spaces because proper or compliant accessible parking spaces have an adjacent access aisle in which no other vehicle can park, ensuring sufficient room to assemble and disassemble his wheelchair when transferring to and from his vehicle." *Amended Complaint* ¶ 2. As such, "the lack of an access aisle regularly results either in difficulty or impossibility in entering or existing his vehicle from or to his wheelchair." *Id*.

On some unspecified date in July 2014, Plaintiff went to Busy Bee's intending to eat at the bakery. The parking lot had a handicap parking space, but the space did not have an adjoining access aisle. According to Plaintiff, if he "attempted to park in the nonaccessible parking stall, he would have risked having a vehicle park next to him and block him from reentry." *Id*. ¶ 12. Plaintiff left without going into the bakery.

Plaintiff filed this lawsuit on September 26, 2014, alleging violation of the ADA and related state laws. *See* Doc. No. 1. Upon being served with the complaint, Defendants hired Diamond Striping to repaint the parking lot. *Kay Decl'n* ¶ 20. Diamond striping repainted the handicap parking space, and painted an access aisle 103 inches in width. *Id*. ¶ 23.

On November 17, 2014, the assigned magistrate judge issued a notice and order requiring the parties to "meet and confer in person at the subject premises regarding settlement of (a) alleged premise violations, and (b) damages, costs, and attorney fee claims." *See Notice and Order* ¶ 5. Counsel for the parties met in the parking lot of Busy Bee's on December 8, 2014. *Jun Decl'n* ¶ 3. Plaintiff's counsel

---

[1] These facts are not reasonably in dispute unless otherwise noted.

1  inspected the repainted parking space and access aisle and took photographs. *Id.* ¶ 4.
2  Plaintiff's counsel remarked to defense counsel that it appeared Defendants had
3  fixed the violation. *Id.* ¶ 5. Defendants now move for summary judgment as to
4  Plaintiff's ADA claim, arguing that they have remedied the alleged violation by
5  repainting the parking lot and adding a permanent access aisle of an appropriate
6  width.

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

The party opposing summary judgment cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir.) (quoting Fed. R. Civ. P. 56(e)), cert. denied, 555 U.S. 827 (2008). Pursuant to Rule 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid

1  summary judgment when they have not had sufficient time to develop affirmative
2  evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th
3  Cir.2002).  Under Rule 56(d), if the non-moving party "shows by affidavit or
4  declaration that, for specified reasons, it cannot present facts essential to justify its
5  opposition, the court may: (1) defer considering the motion or deny it; (2) allow time
6  to obtain affidavits or declarations or to take discovery; or (3) issue any other
7  appropriate order." Fed. R. Civ. P. 56(d).  "To prevail under this Rule, parties
8  opposing a motion for summary judgment must make '(a) a timely application which
9  (b) specifically identifies (c) relevant information, (d) where there is some basis for
10 believing that the information sought actually exists.'" *Emplrs. Teamsters Local*
11 *Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir.
12 2004), quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472,
13 1475 (9th Cir. 1986).

## DISCUSSION

15      Title III of the ADA "prohibits discrimination on the basis of disability in the
16 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or
17 accommodations of any place of public accommodation' with a nexus in interstate
18 commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011)
19 (quoting 42 U.S.C. §§ 2000a(b), 12182(a)).  "Because a private plaintiff can sue
20 only for injunctive relief (i.e., for removal of the barrier) under the ADA, a
21 defendant's voluntary removal of alleged barriers prior to trial can have the effect of
22 mooting a plaintiff's ADA claim." *Id*. at 905.
23      According to the ADA Design Guide, van accessible parking spaces require
24 an access aisle of at least 96 inches to accommodate a wheelchair lift and an
25 additional sign that identifies the parking spaces as "van accessible." *See* ADA
26 Standards for Accessible Design § 4.1.6.  Defendants present uncontroverted
27 evidence that the parking space at Busy Bee's has been brought into compliance
28 with applicable ADA regulations. *See Def. Motion,* Exs. 1-4.  The access aisle is

properly located next to the handicap parking space and measures 103 inches in width. *Id.*, Ex. 3. The access aisle is located on the shortest accessible route of travel to Busy Bee's entrance and is marked by a "van accessible" handicap sign. *Id.*, Ex. 2.

In response to Defendants' motion, Plaintiff requests discovery pursuant to Federal Rule of Civil Procedure 56(d) on the issue of whether Defendants have brought the parking spot into compliance with applicable regulations. Plaintiff asserts that he "seeks to have his retained expert, Paul Bishop, conduct a physical inspection of the defendants' property to take measurements and photographs and determine the validity of the defense claim that the property has been remediated." *Plaintiff's Opp'n*, 3. However, the Ninth Circuit made it quite clear in *Strong v. Valdez*, 724 F. 3d 1042 (9th Cir. 2013), that an ADA plaintiff need not provide "specialized or technical knowledge" through an expert witness to prove a violation. *Id.* at 1046. The court further noted that "'[i]t's commonly understood that lay witnesses may estimate size, weight, distance, speed and time even when those qualities could be measured precisely.'" *Kohler v. Presidio Int'l, Inc.*, 2015 U.S. App. LEXIS 4565, at *6 (9th Cir. 2015) (citing *Strong*, 724 F.3d at 1046-47). Here, Defendants actually have provided precise measurements of the remediated parking spot's size and the width of the access aisle. *See Def. Motion*, Ex 3. The measurements demonstrate that the parking spot and access aisle comply with ADA regulations.

Plaintiff's counsel further asserts that "plaintiff needs to inspect the property to determine if the property has been remediated" because "[i]t is not possible to simply look at photographs and determine whether a property meets the technical requirements of the ADAAG." *Potter Decl'n* ¶¶ 4, 6. However, Plaintiff's co-counsel has already inspected the property – in person – and viewed the remediation. Plaintiff therefore had the opportunity to measure the parking spot and gather evidence to contest Defendants' remedial efforts. Despite this opportunity, Plaintiff

presents no such evidence.

In sum, the Court finds that Defendants have remedied the ADA violation identified in Plaintiff's amended complaint. Plaintiff's ADA claim is now moot. *See, e.g., Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (finding the because the only relief available under the ADA is injunctive, the plaintiff's claim was moot when the defendant fixed the alleged barrier); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (finding that "[t]he [ADA] claims that have been remediated are no longer in dispute and are therefore moot").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion for summary judgment as to Plaintiff's ADA claim. The Court **DISMISSES** Plaintiff's ADA claim with prejudice. Given the absence of any available relief under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1008 (9th Cir. 2010). The Court **DISMISSES** Plaintiff's state law claims without prejudice. The Clerk of Court is instructed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED**.

DATED: April 1, 2015

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge